Our second case for argument this morning is Linder v. United States Mr. Hinman, have you read our court's attire guidelines? Your Honor, I'm not a man. Thank you very much. That helps. Ties are less common for women, but not unheard of. May it please the Court. My name is Cynthia Hinman, and I represent Plaintiff Appellant, Deputy United States Marshal Stephen Linder. Deputy Linder has brought claims against the United States under the Federal Tort Claims Act. You refer to him as Deputy Linder. Is he still employed? Yes, he is, Your Honor. Deputy Linder has brought claims under the Federal Tort Claims Act for malicious prosecution and intentional infliction of emotional distress under Illinois law. And these claims arise out of the conduct of former U.S. Marshal Darryl McPherson and Special Agent Kevin Shirley of the Department of Justice Office of Inspector General in connection with allegations of excessive force that were made against Deputy Linder by one of his coworkers, Deputy U.S. Marshal Harry Sims. The District Court dismissed those claims based on its conclusion that Marshall McPherson and Special Agent Shirley were acting within their discretion with respect to all of the conduct that was alleged in our First Amendment complaint, and that Deputy Linder's claims were then barred under Section 2680A of the Federal Tort Claims Act. That decision was an error. This Court recently held in Bunch v. United States that exceptions to the government's waiver of sovereign immunity under the Federal Tort Claims Act are affirmative defenses that must be pleaded and proved by the government. In Bunch, the Court reversed a grant of summary judgment because the government had not met its burden of proving that the intentional tort exception found in Section 2680H applied to the conduct alleged there. Here we're on a motion to dismiss. So on a motion to dismiss, the Court is required to take all the well-pleaded facts of the First Amendment complaint as true, and there is not an avenue for determining factual questions, which is in essence what the Court did here. But this Court doesn't even need to get to the point of analyzing the particular conduct of Marshall McPherson and Special Agent Shirley or question whether or not it was discretionary because we don't need to get to those points. First, it's because with respect to the malicious prosecution claim, the discretionary function exception doesn't apply to claims of malicious prosecution that involve investigative or law enforcement officers. Counsel, I'd like to focus you in then on that interplay between 2680A and 2680H. Yes, Your Honor. The law enforcement proviso says the provisions of this chapter and section shall apply to any claim. Why isn't 2680A one of the provisions of this chapter? It is one of the provisions of the chapter, but you also have the language in 2680H that says that the provisions of this chapter shall apply to all claims involving malicious prosecution for investigative and law enforcement officers. And the language of those two provisions conflict. Counsel? Yes, Your Honor. The question is in what way does it conflict? It says this chapter applies, and 2680A is part of this chapter. So what's the conflict? We know from the first sentence of 2680H that malicious prosecution claims are out. Correct. And the proviso makes it clear that for law enforcement, malicious prosecution claims are in. But what about the proviso knocks out any other part of this chapter? Because it says that the provisions of this chapter shall apply. Yes. Yes. And 2680A is part of this chapter. You have to look at the lead-in language, Your Honor, to section 2680. The introductory language is the provisions of this chapter shall not apply to, and then it lists the various exceptions. And when Congress was writing the proviso, it was negating the language at the introduction of the section so that you've got a clear conflict between those two provisions. I'm just lost as a matter of language. How do you knock out the introduction to 2680 as a whole by saying that all provisions of this chapter apply? The language of 2680, if I could. Sounds like more knock-in than knock-out. I'm sorry, Your Honor. I'm not following. I'm the one who's not following. Okay. Right? The proviso tells us that all provisions of this chapter apply. You're saying that notwithstanding it says that everything applies, it implicitly knocks out the lead language to 2680 as a whole. That's what I have trouble with as a verbal matter. Yeah, because it needs to knock out the beginning language of the provision because of the way the statute is constructed. If you look at 2680, it says the provisions of this chapter shall not apply to, and then in 2680H, the beginning language is any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abusive process, libel, slander, etc. I understand that, but it looks like you're reading it. Maybe the 11th Circuit also read it as saying, the provisions of this chapter, paren, with the exception of 2680, close paren, shall apply to. But it doesn't say that. It does not say that, Your Honor. But if the provisions of the entire chapter were going to apply under that theory, then the beginning language of 2680H would also have to apply because that's also a provision in the chapter, and that doesn't make sense under the way that the statute is constructed. When the 11th Circuit did its analysis, it looked at the language of any claim. And so in 2680A, it says that any claim based upon discretionary function, the government does not waive its sovereign immunity. With respect to 2680H, it says any claim involving an intentional tort, certain specified intentional torts involving investigative and law enforcement officers, the government has waived its sovereign immunity with respect to any claim in that situation. And in those... Discretionary or ministerial? Yes, Your Honor. Because the language says... So the proviso in sub H overrides any other exception. Yes, Your Honor. I believe under principles of statutory construction, that's what you have to look at. Because you've got one section that says, no sovereign immunity for any claim, and another section saying, sovereign immunity for any claim. And you have to reconcile those two provisions. So that would also apply to claims that are accepted from the sovereign immunity waiver by virtue of their having risen out of military activities, which is sub J, caused by fiscal operations of the Treasury or regulation of the monetary system, which is sub I. If there were investigative or law enforcement officers involved in those... Military police. I assume they would be investigative or law enforcement officers. I'm not that familiar, but yes, they would apply. The proviso... So the proviso overrides any other protection that is offered or provided to the United States or exception to the waiver of sovereign immunity under any of the other subsections of 2680. With respect to these particular six intentional torts involving law enforcement or investigative officers, I believe that's the proper reading of the statute. When do you have to file a claim against a law... When the damage arises from a law enforcement officer? Another part of the chapter says you have to file in six months. On your reading, is that also knocked out so that there's no time limit? No, Your Honor. I would not say that. Why? Because it says the provisions of this chapter shall apply to any claim. Yeah, well, section 2680 is part of this chapter. If it knocks out 2680A because A is incompatible with the claim, why doesn't it knock out everything that's incompatible with the claim? I don't know that it would be incompatible with the claim to file it within a certain provision, within a certain period of time, Your Honor. That would be part of the claim is that it has to be brought in a certain time. A person who's injured does not file a claim within six months. Files a claim seven months, and then says, I don't have to file within six months. I just have to file within the ordinary statute of limitations, which for the United States, I believe, is six years, because my claim involves a law enforcement officer, and therefore the six-month deadline is knocked out. Why isn't that a logical implication of your argument? Because when you're looking at 2680 in the proviso, you have to look at the introductory language that it is modifying in that section, and it's modifying the introductory language of 2680. It's not modifying all other provisions of the federal provision. It doesn't say it's modifying the introductory language of 2680. It does not say that. You're right, Your Honor. It doesn't even hint that. It just says the provisions of this chapter apply. I can see an inference that it knocks out the first chunk of 2680H. It's not pellucid language, let's say, but if we're going to start knocking things other than the first part of 2680AH, if we view it as more than a proviso to 2680H, then it has to knock out everything. I don't see how it can selectively knock out the introductory clause to 2680, but not knock out everything else that's incompatible with the claim. Because it's tracking the language of the introductory section, Your Honor, and so I believe under those circumstances you would look at it and construe this section of the statute as a whole and determine. In any event, with respect to our claims, even if this court were to find that you have to look at 2680A, there's case law that suggests that when you allege plausibly that there have been constitutional violations, violations of constitutional rights by law enforcement investigators. I have two questions about this. One, how does the Tort Claims Act cover the Constitution in the first place? The Tort Claims Act does not cover the Constitution. It doesn't, and therefore, plausibly alleging constitutional violations is irrelevant. It just covers torts. We know from the Westfall Act that it has nothing to do with constitutional claims. Constitutional claims are not the basis of liability. They aren't even in, and therefore they can't be out. But, Your Honor, with respect to discretionary functions, many circuit courts have held, every circuit court except this one back in 1972 in the Kiskill case. This is more invisible ink interpretation. There's absolutely nothing in 2680A that says, well, some discretionary functions are in and some are out, and the judiciary will just make it up as it goes along. It doesn't remotely say that. In the Reynolds case, this court found that law enforcement officers did not have discretion to violate an Indiana statute. By the same token, a law enforcement officer should... You could say they never have discretion to commit a tort. You could say that. You could say that. Yes, but this court...  They don't have discretion to commit a tort, to violate the law, to commit libel and slander and so on. But when there is discretion, even if they commit a tort when using it, there's no liability. That's the point of 2680A. But, Your Honor, when they violate a clear statute, as this court held in the Reynolds case, there is no discretion. A law enforcement officer, an investigative officer, does not have discretion to violate a statute. They don't have discretion to commit a tort. What gives the government discretion to commit libel or slander or false arrest or any of these things? It's not that there isn't discretion to commit, that there's discretion to violate the law. It's that when there is discretion, there's no tort remedy. That's what 2680A is doing. That's what 2680A says. In its language, this court has interpreted it in the Reynolds case to say that when a law enforcement or investigative officer commits or violates a clear statute, that they don't have discretion to do that. Your Honor, if I may reserve the balance of my time for review. You have no more time remaining, Counsel. Thank you. Ms. Myron. Good morning. May it please the Court, Laura Myron for the United States. I'd like to touch on a couple of points related to the interaction between 2680A and 2680H, if I could. As you recognize, the majority of courts have concluded that there is no conflict between these two provisions, that they must be read in conjunction, and that the law enforcement proviso modifies the introductory language to 2680H, but that the court may still consider whether the conduct at issue falls within 2680A. That's the approach that this court took in the Reynolds case, where the court considered whether, first, the conduct was discretionary, and second, whether it was within the law enforcement proviso or any other exception to the waiver of sovereign immunity, as Your Honor recognized. Counsel, I'm a little worried about the procedure in this case. Isn't the extent of discretion something that can be a factual question? How does this case get dismissed on the pleadings? Your Honor, the district court concluded that the conduct at issue was within the discretion of the individuals, that it was discretionary conduct. That sounds like a factual ruling. How does a case get dismissed on the pleadings when there's a dispute about how much legitimate discretion the defendants had or exercised? No, Your Honor. The question of whether there was discretion is not a factual question. As the Supreme Court explained in cases like Berkowitz, what the court considers is whether there was a specific mandate or a specific mandatory course of conduct. Absent something like that by federal statute, regulation, or policy, there is presumed to be discretion to act, and that is a legal question about the interpretation of a federal statute or regulation or policy. In addition, on a motion to dismiss, the court considers whether the complaint has pled sufficient facts that would make out a claim under the Federal Tort Claims Act. It considers things like whether the discretionary function, exception, or other provisions of 2680 would apply, and here concluded that the conduct alleged in the complaint was within the government's discretion because there has been no specific statutory, regulatory, or policy mandate that has been identified that the individual agents at issue here, Agents McPherson and Shirley, had violated, and that's a legal conclusion that is perfectly reasonable at the motion to dismiss stage and can be affirmed, we think should be affirmed by this court given the conduct at issue, and as I said, the lack of a specific mandate in statute, regulation, or policy that would suggest a course of conduct that was not followed in this case. And if I could just talk briefly about the conduct that is at issue that has been alleged, it falls into four general categories. The majority of it is, as the district court concluded, the kind of conduct that involves investigation of a criminal complaint and management of an office during a time when an individual co-worker has been subject to investigation and federal indictment. That is exactly the kind of investigatory conduct that this court recognized in Reynolds was discretionary, and also numerous other courts have also recognized that that kind of investigatory conduct, especially when it comes to law enforcement considerations or employment decision considerations, is within the government's discretion. The other conduct is several affidavits that were submitted to the district court as part of the evidentiary hearing with regard to the motion to dismiss. The district court correctly concluded that the allegations at issue here suggest that Agent Shirley made a judgment of the kind that the D.C. Circuit in Moore recognized is discretionary. I must say you're, at this point, not really helping yourself. If you say, well, the district court relied on affidavits about who had discretion over what, that sounds even less like a question of law. No, I'm sorry. Presumably you can decide a question of law by looking up the law. Certainly, Your Honor. The question of law in this case is whether there was a specific course of conduct that was prohibited by federal regulation statute policy, whether there had been otherwise any legal mandate that the defendants should have followed but didn't. Absent that, the conduct is discretionary, and as I said, it's the kind of conduct that this court recognized was discretionary in Reynolds, and that is a legal judgment and is perfectly permissible at the 12B6 stage in which the court is considering whether the complaint has alleged specific facts that would give rise to a Federal Tort Claims Act violation. Is there any issue preclusive effect of Judge Kendall's determinations that constitutional rights have been violated here? The plaintiff hasn't raised any issue preclusion here. The district court here concluded relying on this court's case law in Newell v. Hanks and Alexander v. McKinney that the Constitution was in fact not violated because this court specifically has said that for Sixth Amendment violations, that is a right that is attendant to trial, and there hasn't been a trial in this case. That just sounds like an argument that if Judge Kendall's opinion had been appealed, it would have been reversed, but it wasn't appealed. I must say I share Judge Brennan's concern about issue preclusion. You can't contradict here a final decision that has never been appealed. As I said, they haven't raised any issue preclusion arguments, but whether or not there was after the fact a finding that this conduct and several other instances of conduct that the district court considered amounted to a constitutional violation doesn't mean that the conduct wasn't discretionary. As you recognized, Your Honor, the question in the discretionary function exception analysis is not whether the conduct ultimately violated a federal statute or regulation. The question is whether there was a specific mandatory directive that the government did not follow at the time that it engaged in the conduct, and that's certainly not the case here. All the counsel says that mandatory directive would be that McPherson cannot investigate himself, that the regulations provide that someone else has got to do that. I take it to be referencing the policy manual, which is in the special or short appendix at 22 to 25, and all that says is that a complaint shall be referred to the Office of Inspection and that the appropriate agency will investigate, and there's nothing in that. It also goes on to specify procedures that, by implication, suggest that the appropriate agencies are either the Office of the Inspector of the U.S. Marshals Service or the OIG, that's Inspector General for the DOJ. I assume that that refers to the Inspector General for the Justice Department in general, not that there's a specific one to the U.S. Marshals Service, right? That's correct, Your Honor, and a couple of things. First, the Office of Inspection in this case specifically told Deputy McPherson that he was within his rights to conduct an initial interview and to do a few things that were at issue in this case. That's in the complaint? It was a finding in the underlying district court opinion from Judge Kendall. It's not in the complaint one way or the other, but the question is whether the policy manual outlines a specific course of conduct that the agency must follow, and there's nothing in there that would specifically prohibit the manager of an office from conducting an initial interview with regard to a complaint that has been alleged, especially prior to the instigation of an official investigation by the Office of Inspection or Inspector General. The policy also gives, or at least appears to give the U.S. Marshal, actually expressly gives the U.S. Marshal authority to relieve an employee from duty on a misconduct allegation based on certain factors. If the misconduct complaint represents a criminal violation, if the employee poses a danger to himself or others, or if there's a catch-all, such action is necessary or prudent to protect the interests of the U.S. Marshal Service. That necessarily implies the authority to investigate before any step of relieving the employee from duty is taken on one of those grounds. Certainly, Your Honor, and the allegations that we have here relate to an initial interview that Deputy McPherson conducted with Deputy Linder. The Marshal has an immediate duty under this policy to determine whether somebody has to be relieved from duty and put on a desk. Yes, Your Honor, the policy provides the deputy with authority to take that kind of conduct, and I think necessarily implies that they can do some initial investigation, interviews, whatnot, to determine the scope of the complaint. All that the policy says with regard to referral of complaints is that they shall be referred. There's been no allegation here that the complaint was not permissibly or properly referred to the Office of Inspection or the Office of Inspector General, and the district court, given that, correctly concluded that the policy manual does not present the kind of specific directive that this court and the Supreme Court have concluded is necessary to take conduct outside the realm of the discretionary function. Can you think of any of the intentional torts that are covered by the law enforcement proviso? In other words, restoring the waiver of sovereign immunity for those particular intentional torts if committed by a law enforcement or investigative officer that would not implicate the discretionary function exception? Certainly they would be subject to consideration of whether the conducted issue was discretionary. I think this court's case in Reynolds is a clear example of where the court concluded that the conducted issue wasn't discretionary because it ran afoul of an Indiana statute that prescribed certain conduct. That case is not comparable to the case we have here. Do both cases involve false affidavits? They do. There are material differences between the allegations in this case and the allegations in that case. The allegation in that case was that there was a lie under oath about the factual predicate for the initiation of the prosecution. The court concluded that that was given that there was clear evidence that the individual had lied about that factual predicate, that that was in violation of the Indiana statute. The only allegation in this case is that the statement that was made in an affidavit signed by somebody else who did not object to that statement being included on their behalf, that the individual knew of no information that would be helpful to the defense, which is the kind of discretionary judgment that the D.C. Circuit in Moore recognized is discretionary and within the discretion of the investigator to make that kind of judgment. And as I said, there's been no additional allegation about why that was incorrect or false in this case. And there was no reason to think that the person preparing the affidavit specifically knew that that was false, especially given that the person signing the affidavit didn't object or raise any concerns about it. So this is materially different from the allegation in Reynolds, but I bring up Reynolds only to suggest that there are some circumstances under which the kind of conduct that would give rise to an intentional tort under the law enforcement proviso would not be within the government's discretion. Certainly, I think some of the other torts, including assault and battery, and some of those things would also be the kind of thing where- Yeah, well, assault and battery are normally not thought of as discretionary activities, but prosecution is so inherently discretionary that doesn't the application of 2680A pretty much knock out the Tort Claims Act for all abusive process or malicious prosecution claims, even if it remains for assault, battery, false imprisonment, and false arrest? As I said, Your Honor, this court in Reynolds recognized there are some circumstances in which a malicious prosecution claim may go forward, despite analysis under the discretionary function exception. All we're suggesting here is that the conduct at issue is the kind of investigatory discretionary conduct that the court in Reynolds also recognized was, in fact, discretionary and would be precluded by the discretionary function exception. I only suggest that this case is within the discretionary function exception, as the district court found, but not that all cases for malicious prosecution would be within the discretionary function exception, as this court has recognized in Reynolds. I see I'm out of time, so we ask that the court affirm. Thank you very much. The case is taken under advisement.